

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Homer Leonard, Speaker
House of Representatives
Austin, Texas

Dear Sir:

Opinion No. 0-3587
Re: Constitutionality of
Senate Bill No. 453
fixing compensation of
certain county officers
in counties having a
population of more than
29,240 and less than
29,340.

We have your letter of May 22, 1941, requesting our
opinion on the constitutionality of the above described Bill.
In your letter you refer to this Bill as House Bill No. 453
but the Bill attached to your letter designates the same as
Senate Bill No. 453.

In order to determine the constitutionality of this
Bill, it will be necessary to consider only the caption there-
of, which reads as follows:

"A Bill to be Entitled: An Act fixing the
compensation of county officers in all counties
in the State of Texas having a population of
more than twenty-nine thousand two hundred forty
(29,240) and less than twenty-nine thousand three
hundred forty (29,340), according to the last
preceding Federal Census; repealing all laws
and parts of laws in conflict herewith to the
extent of such conflict only; and declaring an
emergency."

This department has written many opinions holding
that similar Bills, which seek to fix the salaries of county
officers in a particular county, are in violation of Section
56 of Article 3 of the State Constitution which provides in
part:

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Homer Leonard, Page 2

"The Legislature shall not, except as
otherwise provided in this Constitution,
pass any local or special law authorizing:

"* * *.

"Regulating the affairs of counties,
* * *."

Among our opinions holding unconstitutional similar
Bills containing population brackets of this type, are Nos.
0-2973, 0-3040 and 0-3417, copies of which we enclose herewith.
In addition to the authorities cited in these opinions, we refer
to the recent case of Miller, et al v. County of El Paso, et al,
decided on April 23, 1941, not yet reported, wherein Chief Jus-
tice Alexander declared:

"We are therefore met at the outset with
a law which, under facts well known at the
time of its adoption, was applicable only to
a single county. Clearly then it is a local
law and must fall as such, unless it can be
fairly said that the class so segregated by
the Act is a substantial class and has char-
acteristics legitimately distinguishing it
from the remainder of the State so as to
require legislation peculiar thereto. In this
instance the classification is made to rest
entirely on the population of the county
and a city therein. Resort to population
brackets for the purpose of classifying sub-
jects for legislation is permissible where
the spread of population is broad enough
to include or segregate a substantial class,
and where the population bears some real
relation to the subject of legislation and
affords a fair basis for the classification.
It has been legitimately employed in fixing
fees of offices in certain cases (Clark v.
Finley, Comptroller, 93 Tex. 178), but even
then it is permissible only where the spread
of population is substantial and is sufficient
to include a real class with characteristics
which reasonably distinguish it from others
as applied to the contemplated legislation,
and affords a fair basis for the classifica-
tion. Bexar County v. Tynan, 97 S. W. (2d)
467."

It is our opinion, therefore, that Senate Bill No. 453 violates Section 56 of Article 3 of the Constitution of Texas.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _____
Walter R. Koch
Assistant

APPROVED MAY 26, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

WRK:RS

ENCLOSURES



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN